**Freeman J. SWANK, Jr.,
Plaintiff–Appellant,**

James H. Banks, Appellant,

v.

Joan THOMPSON, et al., Defendants–Appellees.

No. 00–3897.

United States Court of Appeals,
Sixth Circuit.

Feb. 5, 2002.

Before JONES, DAUGHTREY, and COLE, Circuit Judges.

PER CURIAM.

Following a grant of summary judgment to the defendants in this § 1983 action, the defendants moved for attorney fees from plaintiff Freeman J. Swank as "prevailing parties" under 42 U.S.C. § 1988(b). The district court found that the defendants were entitled to attorney fees, holding that the plaintiff's civil rights claims were "frivolous, unreasonable, and without foundation." Further, the district judge held the plaintiff's counsel, James Banks, jointly and severely liable for the defendants' legal fees, pursuant to the court's inherent authority to sanction attorneys under 28 U.S.C. § 1927 and Local Rule 7.1(j).

The plaintiff and his attorney appeal the award of sanctions and attorney fees, arguing that a version of the facts most favorable to plaintiff demonstrates that his claims had merit. Further, the plaintiff argues that the award of fees against Banks was unsupported on the record. The plaintiff does not appeal the grant of summary judgment.

We recognize that the award of § 1988 attorney fees to a prevailing defendant is an extreme sanction that should be used only in egregious cases where the plaintiff's action was frivolous, unreasonable, or without foundation. However, after careful review of the record, we are unable to conclude that the district court abused its discretion in awarding attorney fees to the defendants here. Because the reasons why the order is appropriate have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion and order dated June 12, 2000.